UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

TUCSON DIVISION



FILED / RECEIVED — LODGED / COPY
APR 1 2 2017
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

LUIS GALVAN-TORRES

    Plaintiff

v.    Case No. CV17-0162 TUC JGZ PSOT

R.L. RHODES, WARDEN

S. ENGLAND, H.S.A.

et., al.

BRIEF IN SUPPORT OF PLAINTIFF'S

MOTION FOR TEMPORARY RESTRAINING ORDER

AND/OR PRELIMINARY INJUNCTION

STATEMENT OF THE CASE

    This motion seeks a temporary restraining order and/or preliminary injunction to have defendant's take Plaintiff out to a hospital and/or clinic to see a Urologist immediately.

STATEMENT OF FACTS

    Plaintiff, Luis Galvan-Torres, Pro Se, an inmate presently incarcerated in the United States Bureau of Prisons at the Federal Correctional Institution (FCI) located in Tucson, Arizona, has been suffering from severe pain in his testicles since January of 2016, while incarcerated at FCI Victorville, CA.

Plaintiff has since been transferred and confinement the FCI Tucson and has made several attempts to check with Medical Staff through conversations with them at what is referred to as "Mail Line", i.e. the opportunity where inmates get to address issues of concern with the appropriate staff from a given Department.

I have paperwork showing that I was approved by the URC Committee on January 12, 2016, after a request was submitted by my Primary Physician to see a Urologist to address my concerns with my testicles. Please let it be noted that the URC Committee does not approve consults and treatment if it was an issue that could be addressed on a local level.

## ARGUMENT

I. PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER DIRECTING DEFENDANTS TO SEND HIM TO AN OUTSIDE HOSPITAL AND/OR UROLOGIST TO ADDRESS HIS MEDICAL CONCERN

Plaintiff is entitled to a temporary restraining order and/or an preliminary injunction because he is in immediate danger and irreparable injury if this issue concerning his testicles is not addressed immediately, and the defendants will not be substantially harmed if a TRO is granted, and the Plaintiff avers that the TRO and/or Preliminary Injunction is consistent with the public interest, and that the Plaintiff has a strong likelihood of success in the lawsuit.

A. Irreparable Injury

The loss of constitutional rights, i.e. the right to medical care, even for short periods of time, constitutes irreparable injury. <u>Elrod v. Burns, 427 U.S. 347, 373 (1976)</u>; <u>Deerfield Medical Center v. City of Deerfield Beach, 661 F.2d, 338 (5th Cir. 1981)</u>. The deprivation of medical care clearly violates the Constitution. Every day that defendants deny the Plaintiff adequate medical care increases the risk that Plaintiff will be further harmed.

B. <u>Absence of Harm to the Defendants</u>

The defendants have no legitimate interest in keeping Plaintiff from seeing a Urologist immediately. There will be no harm to defendants if Plaintiff is granted the TRO and/or Preliminary Injunction.

C. <u>Public Interest</u>

The public interest is best served when all persons, including prisoners, enjoyed unimpaired access to medical care and access to the Courts to address issues of constitutional magnitude. See <u>Bound v. Smith, 430 U.S. 17, (1977)</u>.

D. <u>Likelihood of Ultimate Success on the Merits</u>

Plaintiff's likelihood of winning a final judgment on the issue of his lack of medical care by defendants is overwhelming.

Rule 65, FRCP, requires an applicant for TRO to certify to the Courts the efforts that have been made to give notice to the adverse party and/or the reasons why notice or further efforts to give notice should not be required. Plaintiff's efforts are described in his Statement of Facts. The TRO and/or Preliminary Injunction should be granted

without further delay for notice purpose because of the irreparable injury the Plaintiff is suffering and because of the risk of further irreparable damage and injury that could occur if this medical issue is not immediately addressed.

Even if the Court finds that the Plaintiff is not entitled to a temporary restraining order, it should grant Plaintiff a Preliminary Injunction after notice to the defendants.

A preliminary injunction may be granted upon notice based on consideration of the same four factors discussed above.

WHEREFORE, this Court should grant a temporary restraining order or, in the alternative a preliminary injunction, directing defendants to send Plaintiff outside to a hospital and/or clinic to see a Urologist forthwith.

Luis Galvan-Torres
*Luis Galvan Torres*
FCI Tucson Box 23811

Tucson, Az  85734

DATED: 04-10-17

CERTIFICATE OF SERVICE

This is to certify under penalty of perjury that the enclosed Motion for TRO and/or Preliminary Injunction has been mailed to the Clerk of the United States District Court for the District of Arizona, postage first class prepaid, via the institutional mailroom and that a copy has been mailed also for service to the Defendants, on this __10__ day of __April__, 2017.

*Luis Galvan Torres*
Luis Galvan-Torres
Plaintiff, Pro Se

Dated: 04-10-17

```
                    RECEIPT - ADMINISTRATIVE REMEDY




DATE: FEBRUARY 13, 2017




FROM: ADMINISTRATIVE REMEDY COORDINATOR
      TUCSON FCI

TO   : LUIS ARTURO GALVAN-TORRES, 36694-408
       TUCSON FCI    UNT: MESQUITE     QTR: S02-207U



THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID       : 891721-F1
DATE RECEIVED   : FEBRUARY 13, 2017
RESPONSE DUE    : MARCH 5, 2017
SUBJECT 1       : MEDICAL CARE - DELAY OR ACCESS TO
SUBJECT 2       :
```

```
 REMEDY-ID       SUBJ1/SUBJ2  --------------------ABSTRACT------------------------
                 RCV-OFC      RCV-FACL      DATE-RCV        STATUS      STATUS-DATE

 891721-F1       26AM/        WANTS MEDICAL PROBLEM FIXED
                 TCN          TCN           02-13-2017      CLO         03-28-2017
```

```
                     1 REMEDY SUBMISSION(S) SELECTED
 G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

```
LUIS ARTURO GALVAN-TORRES, 36694-408
TUCSON FCI     UNT: MESQUITE    QTR: S02-207U
8901 S. WILMOT ROAD
TUCSON, AZ 85756
```

GALVAN, Luis
Reg. No. 36694-408

Request for Administrative Remedy
Remedy ID No. 891721-F1

Part B - RESPONSE

This is in response to your Request for Administrative Remedy received on March 23, 2017, wherein you state you have been getting the run around and should be scheduled for the procedure/surgery recommended by the Urologist. You request help immediately and medication for the pain.

A review into this matter revealed a consult was written in January and was disapproved at the Regional level in early March. A prescription for pain was written but could not be processed by Pharmacy because it did not meet the BOP National Formulary Over The Counter (OTC) Matrix. You are advised to purchase Naproxen from the commissary, and report to sick if symptoms worsen.

Based on the above, your request for Administrative Remedy is for informational purposes only. If you are dissatisfied with this response, you may appeal to the Western Regional Director. Your appeal must be received by the Regional Administrative Remedy Coordinator, Federal Bureau of Prisons, Western Regional Office, 7338 Shoreline Dr., Stockton, California, 95219, within twenty (20) calendar days from the date of this response.

_____          _3/30/17_____
R.L. Rhodes, Warden                     Date

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Torres Luis Gaivan**     **36694408**    **SE**    **FCI Tucson**
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A – INMATE REQUEST**

ON 1-19-17 I WAS ISSUED A STATEMENT WITH REGAURD'S TO MY PROBLEM I HAVE WITH MY TESTICAL. THIS HAS BEEN AN ONGOING PROBLEM & IVE HAD NO HELP. I AM BEING TOLD TO KEEP GOING TO SICK CALL, BUT AT SICK CALL I AM BEING TOLD NOT TO KEEP COMING. IM SUPPOSED TO BE SCHEDULED FOR SURGERY I KEEP GETTING THE "RUN AROUND". I NEED HELP IMEDIATLY, AND IF YOU GUY'S KEEP MAKING ME WAIT WITH NO MEDICATION'S OR HELP FOR THE PAIN IM GOING TO KEEP GOING FURTHER WITH THIS ACTION

02-03-17                              Luis Arturo Torres
DATE                                      SIGNATURE OF REQUESTER

**Part B – RESPONSE**

_____      _____
DATE                                      WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**        CASE NUMBER: **891721-F1**

CASE NUMBER: _____

**Part C – RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____      _____
DATE                                      RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(  
APRIL  
USP LVN       PRINTED ON RECYCLED PAPER

TCX 1330.17B
January 29, 2016
Attachment A

## INFORMAL RESOLUTION FORM

NOTICE TO INMATE: You are advised that prior to receiving and filing a Request for Administrative Remedy Form (BP-9), you MUST attempt to informally resolve your complaint through your Correctional Counselor. Briefly state the complaint below and list what effort you have made to resolve your complaint informally. Also, please state names of staff contacted.

Inmate Name: Galvan Luis | Reg. No.: 36694-408 | Unit: Saguaro

Informal resolution form issued by Correctional Counselor on: (date) 1-19-17

**INMATE'S COMMENTS:** (Inmate MUST FILL OUT items 1-4 and signature block)

1. Complaint: I have a problem with my testical and I was told I would be getting surgery to correct it it's painful daily

2. Efforts made by inmate to informally resolve incident (Which staff members did you talk to and what did they say?) Dr and he said he would check miss Cox she said to buy pain meds Ive spoken to the A.W. Ive put in cop outs on the computer & paper no reply.

3. State what action you want staff to take to correct the situation: I want to get the problem fixed like they told me with the operation

Date returned to Correctional Counselor: 1-20-16

Inmate Signature: Luis Torres   Reg. No. 36694408   Date 1-19-17

**CORRECTIONAL COUNSELOR'S COMMENTS:**
Efforts made to informally resolve and staff contacted: (See attached paper from medical)
a. Discussed the complaint with (staff member) — and he/she stated.
b. I further explained to the inmate that...
c. But, the inmate insisted he wanted to file a BP-9 because...

Date informally resolved: 1-23-17   Signature: [signature]

Informal Resolution was not accomplished for the following reason:
After I personally explained that ..., he still insisted that he was wronged because...

Unit Manager's review and Signature:
a. Can this request be resolved at the Unit Level?
b. Steps taken to resolve (who was contacted, results of that contact – do not forward for lack of contact):

Unit Manager/Date-Signed: M. Re 1/20/17

Associate Warden's recommendation and Signature: Mischelle AW wait for consult results   Date: 1-30-17

Date BP-9 Issued to Inmate: | Date BP-9 returned to Counselor: | Date BP-9 Delivered to Admin Clerk:

GALVAN, Luis

Reg. No. 36694-408

Informal Resolution

RESPONSE

This is in response to your Informal Resolution received January 21, 2017, wherein you state you have a problem with your testicle and were told you would be getting surgery.

A review of your request revealed you were seen by the Urologist saw you on July 11, 2016, with recommendations for a procedure. A consult will be written today and the surgery scheduled as soon as possible. A review of your records indicates you have not been seen in medical for this issue since returning from your outside appointment on July 11, 2016. You are encouraged to report to sick call Monday, Tuesday, Thursday, or Friday at 12:30 pm if you are having continued complaints. You are reminded that once you are scheduled you will not be given this information for security reasons.

S. England, HSA

FCC Tucson