MH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Galvan-Torres, | No.  CV 17-00162-TUC-JGZ |
| Plaintiff, | |
| v. | **ORDER** |
| R.L. Rhodes, et al., | |
| Defendants. | |

Plaintiff Luis Galvan-Torres, who is confined in the Federal Correctional Institution (FCI)-Tucson, has filed a pro se Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 1).  The Court will deny the Motion and dismiss this action without prejudice.

**I.      Motion for Temporary Restraining Order and/or Preliminary Injunction**

Plaintiff seeks a temporary restraining order (TRO) and/or preliminary injunction (PI) requiring Defendant Rhodes, the Warden of FCI-Tucson, and Defendant England, the FCI-Tucson Health Services Administrator, to send Plaintiff to a hospital or clinic to be seen by a urologist.  Plaintiff alleges that he has been suffering from severe pain in his testicle since January 2016.[1]  Plaintiff claims that his request to see a urologist was approved by the Federal Bureau of Prison's Utilization Review Committee, and an Informal Resolution attached to Plaintiff's Motion states that Plaintiff was seen by a

---

[1] At that time, Plaintiff was confined in FCI-Victorville, a Federal Bureau of Prisons facility in Adelanto, California.

urologist on July 11, 2016.

Attached to Plaintiff's Motion is a January 19, 2017 Inmate Request filed by Plaintiff.  In this Request, Plaintiff states that he is suffering pain and was advised that surgery would be performed to correct the problem with his testicle.   An Informal Resolution (also attached) that appears to have been issued in response to Plaintiff's Inmate Request states, in part,

> A review of your request revealed you were seen by the Urologist on July 11, 2016, with recommendations for a procedure.  A consult will be written today and the surgery scheduled for as soon as possible.  A review of your records indicates you have not been seen in medical for this issue since returning from your outside appointment on July 11, 2016.  You are encouraged to report to sick call Monday, Tuesday, Thursday, or Friday at 12:30 pm if you are having continued complaints.

Plaintiff has also attached a Request for Administrative Remedy that he filed on February 3, 2017, and a Response to the Request for Administrative Remedy that he received on or about March 30, 2017.  Plaintiff's Request for Administrative Remedy indicates that he has been experiencing an ongoing problem with his testicle but has not received any help and has been getting the "run around" with regard to the surgery he needs.  Plaintiff also alleges that he has been advised to go to sick call but at sick call is told not to keep coming.  Plaintiff states, "If you guys keep making me wait with no medications or help for the pain, I'm going to keep going further with this action."  The Response to Plaintiff's Request for Administrative Remedy states, in part,

> a consult was written in January and was disapproved at the Regional level in early March.  A prescription for pain was written but could not be processed by Pharmacy because it did not meet the BOP National Formulary Over the Counter (OTC) Matrix.  You are advised to purchase Naproxen from the commissary, and report to sick if symptoms worsen.

Plaintiff alleges that he is in "immediate danger and irreparable injury" if the problem with his testicles is not addressed immediately.   He further alleges that

1  Defendants will not be harmed if a TRO is granted, that the public interest is best served
2  when "all persons, including prisoners, enjo[y] unimpaired access to medical care and
3  access to the Courts," and that his likelihood of winning a final judgment is
4  "overwhelming."

5  **II.    Discussion**

6         The standards for a preliminary injunction and a temporary restraining order are
7  substantially the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc*., 240
8  F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is 'an extraordinary and
9  drastic remedy, one that should not be granted unless the movant, by a clear showing,
10 carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012)
11 (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam); *see also Winter
12 v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008) (citation omitted) ("[a]
13 preliminary injunction is an extraordinary remedy never awarded as of right"). A
14 plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the
15 merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of
16 equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S.
17 at 20. "But if a plaintiff can only show that there are 'serious questions going to the
18 merits'—a lesser showing than likelihood of success on the merits—then a preliminary
19 injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,'
20 and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc*.,
21 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*,
22 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter*
23 test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may
24 offset a weaker showing of another." *Lopez*, 680 F.3d at 1072. Regardless of which
25 standard applies, the movant "has the burden of proof on each element of the test." *See
26 Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

27        Motions for injunctive relief are not independent actions but, rather, a means to
28 seek extraordinary relief in an ongoing action that has been initiated by filing a complaint

or other proper petition that alleges jurisdictional facts.  Indeed, Rule 65 of the Federal Rules of Civil Procedure, which provides for the granting of preliminary injunctions and temporary restraining orders, "was designed solely as a procedural tool to expedite the action and accommodate the court and the litigants" and "does not confer either subject matter or personal jurisdiction on the court."  *Citizens Concerned for the Separation of Church and State v. City and County of Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980). Before seeking injunctive relief, a plaintiff must first have a complaint pending before the Court.  *See Stewart v. United States Immigration & Naturalization Serv.*, 762 F.2d 193, 198 (2d Cir. 1985) ("Only after an action has been commenced can preliminary injunctive relief be obtained."); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (a party seeking injunctive relief must establish a relationship between the claimed injury and the conduct asserted in the complaint).

Because Plaintiff has not filed a Complaint, his Motion for Temporary Restraining Order and/or Preliminary Injunction is not properly before the Court.  Accordingly, the Court will deny the Motion and direct the Clerk of Court to close this case.  Plaintiff may file a motion for a preliminary injunction or temporary restraining order in a **new case**, so long as he also **files a civil rights complaint on the court-approved form** and either pays the filing and administrative fees or files a complete Application to Proceed In Forma Pauperis.  The Court will direct the Clerk of Court to provide Plaintiff with the court-approved forms for filing a civil rights complaint and an Application to Proceed In Forma Pauperis.[2]

---

[2] If Plaintiff elects to file another action, he should be aware that a *Bivens* complaint is evaluated pursuant to the standard applied to actions filed under 42 U.S.C. § 1983.  *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.").  That is, an individual pursuing a claim under *Bivens* must show that (1) acts by the defendants (2) under color of federal law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Cf. Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (identifying § 1983 standard).  In order to satisfy this standard, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**IT IS ORDERED:**

(1)     Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 1) is **denied** without prejudice.   The Clerk of Court must **close** this action.

(2)     The Clerk of Court must **send** Plaintiff the court-approved form for filing a civil rights complaint **and** the court-approved form for filing an application to proceed in forma pauperis (non-habeas).

Dated this 25th day of April, 2017.

Honorable Jennifer G. Zipps
United States District Judge

- 5 -

**Instructions for Prisoners Applying for Leave to Proceed In Forma Pauperis**
**Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the $350.00 filing fee plus the $50.00 administrative fees for a civil action.   If you later file an appeal, you will be obligated to pay the $505.00 filing fee for the appeal.

If you have enough money to pay the full $400.00 filing and administrative fees, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint.

If you do not have enough money to pay the full $400.00 filing and administrative fees, you can file the action without prepaying the fees.  However, the Court will assess an initial partial filing fee. The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit.  The Court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the Court.

After the initial partial filing fee has been paid, you will owe the balance of the $350.00 filing fee (you will not be required to pay the $50.00 administrative fee).  Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income.   The agency that holds you in custody will collect that money and forward it to the Court any time the amount in your account exceeds $10.00. These installment fees are calculated on a per-case basis.   This means that you will be required to pay 20% of your preceding month's income for **each** civil non-habeas corpus case in which you have an outstanding filing fee balance.   For example, if you are making payments toward filing fee balances in two civil non-habeas corpus cases, 40% of your preceding month's income will be collected each month. The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action in forma pauperis, you must complete the attached form and return it to the Court with your complaint.   You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months.   If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from each institution at which you were confined.   If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed in forma pauperis will be denied.

Even if some or all of the filing fee has been paid, the Court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action in forma pauperis unless you are in imminent danger of serious physical injury.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,

Plaintiff,

v.

_____ ,

Defendant(s).

CASE NO. _____

APPLICATION TO PROCEED
IN FORMA PAUPERIS
BY A PRISONER
CIVIL (NON-HABEAS)

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1.  Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained?      ☐Yes    ☐No      If "Yes," how many have you filed? _____.
    Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted?      ☐Yes    ☐No      If "Yes," how many of them? _____.

2.  Are you currently employed at the institution where you are confined?      ☐Yes      ☐No
    If "Yes," state the amount of your pay and where you work.   _____
    _____
    _____

3.  Do you receive any other payments from the institution where you are confined?      ☐Yes      ☐No
    If "Yes," state the source and amount of the payments.   _____
    _____
    _____

4.   Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?                                                    ☐Yes              ☐No
If "Yes," state the sources and amounts of the income, savings, or assets.   _____
_____
_____

I declare under penalty of perjury that the above information is true and correct.


_____             _____
DATE                                                              SIGNATURE OF APPLICANT

## ACKNOWLEDGEMENT OF COLLECTION OF FILING FEES FROM TRUST ACCOUNT

I, _____, acknowledge that upon granting this Application, the Court will order designated correctional officials at this institution, or any other correctional institution to which I am transferred, to withdraw money from my trust account for payment of the filing fee, as required by 28 U.S.C. § 1915(b).

The Court will require correctional officials to withdraw an initial partial payment equal to 20% of the greater of:

(A)  the average monthly deposits to my account for the six-month period preceding my filing of this action, or

(B)  the average monthly balance in my account for the six-month period preceding my filing of this action.

After the initial payment, if the amount in my account is at least $10.00, the Court will require correctional officials to withdraw from my account 20% of each month's income and forward it to the Court until the required filing fee is paid in full.   I understand that I am required to pay the entire fee, *even if my case is dismissed by the Court before the fee is fully paid.*

I further understand that if I file more than one action, correctional officials will be ordered to withdraw 20% of each month's income, for each action, simultaneously.   Accordingly, if I have filed two actions, correctional officials will withdraw 40% of my income each month; three actions will require 60% of my income each month, etc.

_____             _____
DATE                                                              SIGNATURE OF APPLICANT

## CERTIFICATE OF CORRECTIONAL OFFICIAL
## AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____, certify that as of the date applicant signed this application:
(Printed name of official)

The applicant's trust account balance at this institution is:                      $_____
The applicant's average monthly deposits during the prior six months is:     $_____
The applicant's average monthly balance during the prior six months is:       $_____
The attached certified account statement accurately reflects the status of the applicant's account.

_____
DATE            AUTHORIZED SIGNATURE            TITLE/ID NUMBER            INSTITUTION

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

1

Phoenix & Prescott Divisions:            **OR**       Tucson Division:
U.S. District Court Clerk                             U.S. District Court Clerk
U.S. Courthouse, Suite 130                            U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10                    405 West Congress Street
Phoenix, Arizona   85003-2119                         Tucson, Arizona   85701-5010

7.   Change of Address.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   Certificate of Service.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
     A certificate of service should be in the following form:

     I hereby certify that a copy of the foregoing document was mailed
     this _____ (month, day, year) to:
     Name:   _____
     Address:_____
                    Attorney for Defendant(s)

     _____
     (Signature)

9.   Amended Complaint.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   Exhibits.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   Letters and Motions.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   Completing the Civil Rights Complaint Form.

**HEADING:**

1.   Your Name.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   Defendants.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   Jury Demand.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.   Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

2.   Location.   Identify the institution and city where the alleged violation of your rights occurred.

3.   Defendants.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1.  <u>Counts</u>.   You must identify which civil right was violated.   **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.   **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

# FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

### Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

### Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed
as: _____ at_____.
                      (Position and Title)                                                     (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
                      (Position and Title)                                                     (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed
as: _____ at_____.
                      (Position and Title)                                                     (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed
as: _____ at_____.
                      (Position and Title)                                                     (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

     a.  First prior lawsuit:
         1.   Parties: _____ v. _____
         2.   Court and case number: _____.
         3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
               _____.

     b.  Second prior lawsuit:
         1.   Parties: _____ v. _____
         2.   Court and case number: _____.
         3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
               _____.

     c.  Third prior lawsuit:
         1.   Parties: _____ v. _____
          2.   Court and case number: _____.
          3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
               _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities                    ☐ Mail                    ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings       ☐ Property           ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                                    ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count I?                  ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?     ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
       _____.

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
    ☐ Basic necessities            ☐ Mail              ☐ Access to the court        ☐ Medical care
    ☐ Disciplinary proceedings     ☐ Property          ☐ Exercise of religion       ☐ Retaliation
    ☐ Excessive force by an officer ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what
**each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without
citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                          ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?             ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?    ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not.  _____
        _____.

4

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
  ☐ Basic necessities          ☐ Mail                  ☐ Access to the court        ☐ Medical care
  ☐ Disciplinary proceedings   ☐ Property              ☐ Exercise of religion       ☐ Retaliation
  ☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☐ Yes      ☐ No
  b.   Did you submit a request for administrative relief on Count III?        ☐ Yes      ☐ No
  c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes      ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                              DATE                                                                    SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.